**Clifton MORRIS, Plaintiff–Appellee,**

v.

**THE NEW YORK CITY POLICE DEPARTMENT; P.O. John Doe # 1; P.O. John Doe # 2; P.O. John Doe # 3; Hon. Robert Morgenthau, District Attorney of the County of New York; and the State of New York, Defendants–Appellants.**

**Docket No. 00–0007.**

United States Court of Appeals, Second Circuit.

March 11, 2003.

Clifton Morris, Greenhaven, NY, pro se.

Paul L. Herzfeld, Asst. Corp. Counsel, New York, NY, for Defendants–Appellants.

Present: POOLER, B.D. PARKER, Circuit Judges, and HALL,[1] District Judge.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is **AFFIRMED IN PART, VACATED AND REMANDED IN PART.**

Plaintiff filed this Section 1983 action in 1998 alleging violations of his civil rights arising from a 1990 arrest. In its December 17, 1999 opinion and order the District Court granted defendants' motions to dismiss the amended complaint pursuant to FRCP 12(b). Specifically, the District Court determined that (1) plaintiff's claims of excessive force and false arrest were time-barred pursuant to the three-year statute of limitations applicable to Section 1983 actions; (2) plaintiff failed to state a claim for malicious prosecution; (3) plaintiff's claims against the New York City Police Department ("NYPD") must be dismissed because it is not a suable entity; (4) plaintiff's claims against the State of New York are barred by the Eleventh Amendment; and (5) plaintiff's claims against District Attorney Morgenthau are barred by absolute prosecutorial immunity.

We affirm the District Court in all respects except for its holding that plaintiff's false arrest claim is time-barred. This Court held in *Covington v. City of New York,* 171 F.3d 117, 124 (2d Cir.), *cert. denied,* 528 U.S. 946, 120 S.Ct. 363, 145 L.Ed.2d 284 (1999) (citation omitted), that "if success on a Section 1983 claim would necessarily imply the invalidity of a conviction in a pending criminal prosecution, such a claim does not accrue so long as the potential for a judgment in the pending prosecution continues to exist." That is, if plaintiff can show that a conviction obtained against him would have depended upon a false arrest, a Section 1983 claim arising from the false arrest does not accrue until such a conviction is no longer a possibility.

■ The District Court held that because plaintiff was not convicted for the crimes charged as a result of his arrest in 1990, his false arrest claim began to accrue from the date of the arrest, not from the date in January 1998 when the state dropped its prosecution of plaintiff on these charges. As defendants concede, the District Court misconstrued our holding in *Covington.* The *potential* for a conviction continued to exist until the state dropped its prosecution in January 1998. Accordingly, plaintiff's false arrest claim did not accrue until this date if he can show that "recovery on [his] Section 1983 false arrest claim in this case would necessary imply the invalidity of any conviction or sentence arising from the criminal proceedings." 171 F.3d at 122. Because this is an inherently factual inquiry, *id.,* we vacate the District Court's dismissal of plaintiff's false arrest claim and remand for further proceedings.

■ Because we affirm the District Court's holding that plaintiff's claims against the NYPD must fail because it is not a suable entity, the District Court is directed to allow plaintiff the opportunity to amend his complaint to name the City of New York as a defendant. For the City to be properly named as a defendant, plaintiff must properly allege that his arrest took place pursuant to some unconstitutional

---

1. The Honorable Janet C. Hall, United States District Court for the District of Connecticut, sitting by designation.

custom or policy of the City's. *See Zahra v. Town of Southold,* 48 F.3d 674, 685 (2d Cir.1995). Plaintiff's appellate brief contains allegations that he was arrested by police officers "known for" engaging in harassment and that the City failed to properly train these officers. A claim of inadequate training may properly serve as the basis for Section 1983 liability if plaintiff can demonstrate that the City's "deliberate indifference" to proper adequate training was the "moving force" behind his alleged injuries. *Bd. of County Comm'rs v. Brown,* 520 U.S. 397, 407–08, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997). Plaintiff should be afforded the opportunity to file an amended complaint which sets forth factual allegations sufficient to make such demonstration.

Accordingly, for the reasons set forth above, the instant appeal is hereby **AFFIRMED IN PART** and **VACATED AND REMANDED IN PART** for further factual findings in accordance with this order.